**Deward H. BALLARD, Jr., Plaintiff,**

**v.**

**Robert Pendleton TAYLOR et al.,
Defendants.**

**No. EC 72–84–S.**

United States District Court,
N. D. Mississippi, E. D.

April 25, 1973.

David W. Houston, III, of Houston, Chamberlin & Houston, Aberdeen, Miss., for plaintiff.

Taylor B. Smith, of Threadgill & Smith, Columbus, Miss., Robert B. Prather, of Burgin, Gholson, Hicks & Nichols, James A. Walters, Columbus, Miss., L. F. Sams, Jr., of Mitchell, McNutt & Bush, Tupelo, Miss., for defendants.

## MEMORANDUM OF OPINION

ORMA R. SMITH, District Judge.

Plaintiff, a citizen of Michigan, filed this action on August 16, 1972 and named as defendants two Mississippi law enforcement officers and their sureties. Jurisdiction is alleged only under 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1343.

The individual defendants are Robert Pendleton Taylor, the sheriff or former sheriff of Lowndes County, Mississippi, and R. W. McDaniel, a constable. United States Fidelity and Guaranty (U. S. F. & G.) issued a surety bond for Sheriff Taylor in the sum of 20,000 dollars, and Hartford Accident and Indemnity issued a bond for Constable McDaniel in the amount of 1,000 dollars. Plaintiff demands judgment against the individual defendants in the sum of 150,000 dollars, and against the corporate sureties in an amount equal to the face value of the bonds.

The action is presently before the court upon a motion to dismiss filed by the defendants Taylor and U. S. F. & G. The motion was previously overruled in all aspects. However, this court subsequently decided to reconsider a single jurisdictional issue: is this cause barred by the applicable statute of limitations? Additional briefs have been submitted by the parties, and the question is ready for resolution. The allegations, of course, will be taken as true.

Deward H. Ballard, the plaintiff, was arrested by Constable McDaniel on August 19, 1966. Apparently the charges, which are unspecified, were never prosecuted. Ballard alleges that he was severely beaten at the time of arrest. Injured and bleeding, he was transported to and incarcerated in the Lowndes

County Jail, operated under the direction of Sheriff Taylor and his agents. The plaintiff alleges that he repeatedly implored the jailer to summon a physician to treat his wounds; however, he did not receive medical attention until 8:00 A.M. the following day, almost ten hours after initial incarceration. This action for damages was filed three days before the expiration of six calendar years after the alleged beating and incarceration. To ascertain if this cause is barred by a period of limitations, the court must identify the applicable statute.

The alleged jurisdictional basis, 42 U.S.C.A. § 1983, does not itself contain a period of limitations for the initiation of suit. Moreover, no other federal statute provides any limitations period applicable to § 1983. Antieu, Federal Civil Rights Acts § 85.

■ Where a federal act does not contain a statute of limitations, the courts must rely upon the limitations period prescribed for analogous actions by the state in which the cause of action arose; in this case, Mississippi. The applicable period of limitations is that which the state would have enforced had an action seeking similar relief been brought in state court. Sewell v. Grand Lodge of Int. Ass'n of Mach. & Aero. Wrks., 445 F.2d 545 (5th Cir. 1971), cert. denied 404 U.S. 1024, 92 S.Ct. 674, 30 L.Ed.2d 674 (1972); O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L. Ed. 980 (1914); see also, Bell v. Aerodex, Inc., 473 F.2d 869 (5th Cir. 1973). To determine which limitations period the state would apply, the court must first look to the essential nature of the allegations, and then examine the forum state's interpretation of its own statutory scheme. Beard et al. v. Stephens et al., 372 F.2d 685 (5th Cir. 1967); Boshell v. Alabama Mental Health Board et al., 473 F.2d 1369 (5th Cir. 1973).

■■ This process results, of course, in an absorption or assimilation of state law into the federal code. Consequently, the ability of litigants to enforce federally created rights or evade federally created liabilities may vary from state to state because of differing limitation periods. Nonetheless, even where "a federal statute creates a wholly federal right but specifies no particular statute of limitations to govern actions under the right, the general rule is to apply the state statute of limitations for analogous types of actions (citations omitted). A special federal statute of limitations is created, as a matter of federal common law, only when the need for uniformity is particularly great or the nature of the federal right demands a particular sort of statute of limitations." (citations omitted). Chevron Oil v. Huson, 404 U.S. 97, 104, 92 S.Ct. 349, 354, 30 L.Ed. 2d 296 (1971). A decision to create or enforce a uniform limitations period for § 1983 actions is beyond the province of this court. Therefore, it is necessary to ascertain the statutory period which the courts of Mississippi would have enforced.

■ Apparently a Mississippi statute of limitations has been applied to § 1983 in only one reported case. Franklin v. City of Marks, 439 F.2d 665 (5th Cir. 1971). In *Franklin* the plaintiffs complained of a municipal de-annexation proceeding which excluded a number of citizens from the city boundaries. Characterizing the essential nature of the complaint as an alleged abuse of municipal procedure for establishing corporate limits, the court found no analogy in Mississippi law and applied the state's catch-all six year statute of limitations. § 722 Miss.Code Ann. (1956).

In the case *sub judice* the defendants urge that there is a clear analogy in state law. They contend that the allegations are essentially nothing more than a recital of certain intentional torts, specifically: assault and battery, malicious arrest, false imprisonment, and possibly the intentional infliction of mental and physical distress by refusing to summon a physician. The cause of action, they argue, is barred by § 732 Miss.Code Ann. (1956), which provides: "[a]ll actions for assault, assault and battery,

maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, and for libels, shall be commenced within one year next after such cause of action accrued, and not after." The Mississippi Supreme Court has interpreted this statute as "provid[ing] an inclusive listing of the recognized intentional torts . . ." Dennis v. Travelers Insurance Co., 234 So.2d 624, 626 (Miss.1970).

The plaintiff, naturally, has adopted a different view. He interprets the essential nature of the allegations in terms inherent to all § 1983 actions—the denial under color of state law of a right or rights secured by the constitution and laws of the United States —and argues that the general limitations period of six years is applicable because there is no analogous cause or right of action created by state law. Section 722, the catch-all statute applied in *Franklin, supra,* provides: "[a]ll actions for which no other period of limitations is prescribed shall be commenced within six years next after such cause of action accrued, and not after."

We must note, after examining the "essential nature" of the allegations, what this action is not. It is not, for example, an ordinary suit upon the bond of a public officer guilty of assault—a form of action which the Mississippi Supreme Court has interpreted, however wisely, as the breach of a contractual obligation arising from the commission of a tort—which is governed by the six year period prescribed in § 732, *supra.* See e. g., State, for the use of Smith v.

Smith et al., 156 Miss. 288, 125 So. 825 (1930); Alexander v. Carsley et al., 199 Miss. 881, 25 So.2d 709 (1946); Barnett v. National Surety Corporation, 195 Miss. 528, 15 So.2d 775 (1943). Nor, despite the plaintiff's assertions, is this a suit to secure and preserve from official neglect or overreaching fundamental rights of due process and citizenship. E. g. Hawkins v. Town of Shaw, 461 F.2d 1171 (5th Cir. 1972); Franklin v. City of Marks, *supra.* The plaintiff, moreover, does not allege that he suffered or is threatened with intimidation, harassment or assault as a result of official intrusion into a sensitive constitutional zone: for example, speech, assembly, or religion. In short, there is no allegation that the plaintiff was deprived of a protected right for constitutionally impermissible reasons. Compare, Boshell v. Alabama Mental Health Board et al., *supra.*

The essential nature of the allegations lie wholly within traditional tort theory. The court, therefore, concludes that a state court of Mississippi would have applied the one year statute of limitations.

It should be noted, moreover, that the plaintiff could have initiated this action in state court, or in this court under ordinary diversity jurisdiction. It can be presumed that he did not do so because the action would have been clearly barred by the one year limitations period. By simply designating § 1983 as the jurisdictional basis, he cannot automatically alter the fundamental character of the action.

An appropriate order will be entered finally dismissing this cause.