731 F.2d 652
 Lucille JACKSON and Byron T. Smith, Plaintiffs-Appellees,
v.
The CITY OF BLOOMFIELD, a municipal corporation, Ed Wagoner,
individually and in his capacity as mayor of the City of
Bloomfield and member of the City Council, Ted Stiffler,
Shirley Curtis, Max Valencia, William Huntington and R.T.
Toliver, individually and in their official capacities as
members of the City Council, and Ray Montano, individually
and in his official capacity as Chief Administrator of the
City of Bloomfield, Defendants-Appellants.
 No. 83-1019.
 United States Court of Appeals,
Tenth Circuit.
 March 30, 1984.
 
 Diane Fisher, Albuquerque, N.M. (Duane C. Gilkey, Albuquerque, N.M. with her on the briefs; and Jay Burnham of Moeller & Burnham, Farmington, N.M., with them on the briefs) of Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, N.M., for defendants-appellants.
 Philip B. Davis of Davis & Dempsey, Albuquerque, N.M., for plaintiffs-appellees.
 Before SETH, Chief Judge, and HOLLOWAY, McWILLIAMS, BARRETT, DOYLE, McKAY, LOGAN and SEYMOUR, Circuit Judges.
 SEYMOUR, Circuit Judge.
 
 
 1
 Plaintiffs Lucille Jackson and Byron Smith brought this action under 42 U.S.C. Sec. 1983 (1976) against the City of Bloomfield and various city officials (City). Plaintiffs alleged that their employment with the City was wrongfully terminated in retaliation for the exercise of their First Amendment rights. The City moved for judgment on the pleadings, asserting that the claims were barred by the applicable statute of limitations. The district court denied the motion and certified the issue for immediate appeal. For the reasons set out below, we affirm.
 
 
 2
 Both plaintiffs were terminated more than three years but less than four years before this suit was filed. In denying the motion to dismiss, the trial judge adopted the analysis of his memorandum opinion in Garcia v. Wilson, No. 82-092-HB (D.N.M. July 21, 1982), in which he concluded that section 1983 claims should be uniformly characterized as actions based on a statute. Because there is no New Mexico statute governing actions on a liability created by statute, the court applied the four-year residual limitations period found in N.M.Stat.Ann. Sec. 37-1-4 (1978).
 
 
 3
 On appeal, the City contends that the district court failed to apply our decision in Zuniga v. AMFAC Foods, Inc., 580 F.2d 380, (10th Cir.1978), which requires an assessment of the underlying facts in selecting the most comparable state statute of limitations. Under such an analysis, the City argues, the district court should have applied either the two-year limitation found in the New Mexico Tort Claims Act, N.M.Stat.Ann. Sec. 41-4-15 (1978), the three-year limitation governing actions for injuries to the person, id. Sec. 37-1-8, or the three-year limitation covering contractual actions brought against a city or its officials, id. Sec. 37-1-24. In response, plaintiffs rely on our decision in Shah v. Halliburton, 627 F.2d 1055, 1059 (10th Cir.1980), for the principle that the longer statute of limitations should be applied in a civil rights case where more than one statute is arguably applicable. Plaintiffs assert that although their cause of action may be characterized as tortious or contractual, their claim is also clearly statutory in nature and, therefore, the court correctly applied the longer four-year limitations period. They also point out that if their claim is characterized as contractual, the New Mexico four-year general statute covering unwritten contracts, N.M.Stat.Ann. Sec. 37-1-4, should govern over the three-year statute covering contract actions against the city, id. Sec. 37-1-24.
 
 
 4
 In Garcia v. Wilson, 731 F.2d 640, (10th Cir.1984) (en banc ), decided this date, we considered the method by which an appropriate state statute of limitations is to be selected for section 1983 claims. We determined that section 1983 claims are in essence actions for injury to the rights of another. Id. at 651. Accordingly, we concluded that the pertinent limitations period for section 1983 claims in New Mexico is that found in N.M.Stat.Ann. Sec. 37-1-8 (1978), which provides that actions for an injury to the person must be brought within three years. Id. at 651. Under Garcia, plaintiffs' claims are barred unless (1) we hold to our conclusion in Shah that a longer statute will be applied if it is arguably applicable, or (2) we apply Garcia prospectively only.
 
 I.
 
 5
 Shah was an action under 42 U.S.C. Sec. 1981 alleging a racially motivated employment termination. Relying on Zuniga, 580 F.2d at 387, we held that "a section 1981 claim for discriminatory discharge from employment [has] the elements of both a contract and a tort claim." Shah, 627 F.2d at 1059. Although the present suit is a section 1983 action, it can nevertheless be characterized as having contractual elements, as we have previously so held. See Hansbury v. Regents of the University of California, 596 F.2d 944, 949 n. 15 (10th Cir.1979); Brogan v. Wiggins School District, 588 F.2d 409, 412 (10th Cir.1978). In Garcia, however, we rejected the rationale for characterizing this claim as contractual, holding that "[a]ll of the federal values at issue in selecting a limitations period for section 1983 claims are best served by articulating one uniform characterization describing the essential nature underlying all such claims." 731 F.2d at 650. To the extent that Shah permits the longer of two arguably analogous statutes to govern a civil rights claim, it is clearly inconsistent with our analysis in Garcia and is hereby expressly overruled. We will henceforth apply the New Mexico three-year statute for an injury to the person to all section 1983 actions arising in that state, even though such actions may also be analogized to other limitations statutes.
 
 II.
 
 6
 Plaintiffs have urged alternatively that we make our holding prospective only. Three factors are relevant to the nonretroactive application of judicial decisions.
 
 
 7
 "First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed .... Second, it has been stressed that 'we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' ... Finally, we have weighed the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity.' "
 
 
 8
 Chevron Oil Co. v. Huson, 404 U.S. 97, 106-07, 92 S.Ct. 349, 355-56, 30 L.Ed.2d 296 (1971) (citations omitted). This "approach has consistently been utilized where changes in statutes of limitations or other aspects of the timeliness of a claim are at issue." Occhino v. United States, 686 F.2d 1302, 1308 n. 7 (8th Cir.1982). See also Fernandez v. Chardon, 681 F.2d 42, 51-53 (1st Cir.1982), aff'd on other grounds, --- U.S. ----, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983); Singer v. Flying Tiger Line, Inc., 652 F.2d 1349, 1353 (9th Cir.1981); Wachovia Bank & Trust Co. v. National Student Marketing Corp., 650 F.2d 342, 346-48 (D.C.Cir.1980), cert. denied, 452 U.S. 954, 101 S.Ct. 3098, 69 L.Ed.2d 965 (1981).
 
 
 9
 Under the Chevron analysis, retroactivity is appropriate unless our decision in Garcia overruled past precedent on which the parties may have relied. As noted above, we concluded in Garcia that all section 1983 claims should be uniformly characterized as actions for injury to the rights of another. In so doing, we specifically rejected the approach under which section 1983 claims are characterized by comparing the particular facts underlying the federal claim to factually similar state law actions, an approach that prior decisions of this court had expressly adopted and applied. See Clulow v. Oklahoma, 700 F.2d 1291, 1299 (10th Cir.1983); Shah, 627 F.2d at 1058; Zuniga, 580 F.2d at 383-84. The court in Zuniga considered those cases applying a uniform limitation to all civil rights claims and those cases analyzing the particular facts in terms of traditional common law torts, and adopted "the latter approach of critical analysis of the particular claim, and then determining if there is a comparable state law analogue." 580 F.2d at 383. Indeed, in urging us to continue to follow this method, defendants argue that "the settled rule of law in effect in this circuit since 1949, and reaffirmed by this Court shortly after the Plaintiffs' cause of action arose is the rule expressed most explicitly in Zuniga." Appellants' Reply Brief at 18. It was also the settled rule in our circuit that where the claim could be characterized in more than one fashion the longer statute of limitations should be applied. Shah, 627 F.2d at 1059. We conclude that our decision in Garcia makes a clear break with prior decisions of this court, as exemplified by Zuniga and Shah.[1]
 
 
 10
 The second step in the Chevron analysis is to determine whether the purposes of the new rule will be furthered or retarded by retroactive operation. In Garcia we considered the broad remedial purposes of section 1983, and the policies of certainty and repose embodied in statutes of limitations. We pointed out that the federal cause of action involves proof of facts not at issue in a state claim arising out of the same incident, and that the two claims may therefore not be truly analogous. The approach we adopted in Garcia was chosen to respond to these concerns in a manner that will avoid the voluminous litigation produced by the uncertainty of state law analogues, and the resulting unequal treatment of similar claims. On balance, we cannot say that retrospective application to bar plaintiffs' claims at this point in the litigation would either hamper or promote these goals.
 
 
 11
 Finally, we must consider whether retroactivity would impose substantial inequity in this case. We conclude that it would. At the time this suit was filed, Hansbury v. Regents of the University of California, 596 F.2d 944 (10th Cir.1979), was clear authority that the New Mexico four-year limitations period governed claims of unconstitutional employment discrimination under section 1983.[2] Shah was also clear authority that the longer of two arguably applicable limitations statutes would be applied. See also Brogan v. Wiggins School District, 588 F.2d 409, 412 (10th Cir.1978). Plaintiffs justifiably relied on those cases in concluding that their suit was timely. It would be most unjust to hold that plaintiffs have slept on their rights, based on a change in the law occurring after their action was filed. Accord Chevron, 404 U.S. at 107-08, 92 S.Ct. at 355-56.
 
 
 12
 In sum, upon consideration of the Chevron factors, we conclude that the Garcia method for selecting the appropriate statute of limitations should not be retroactively applied in this case. Even assuming that retroactivity might further the concerns addressed in Garcia, this factor is greatly outweighed by the substantial inequity that would result. We will not bar plaintiffs' right to their day in court when their action was timely under the law in effect at the time their suit was commenced.
 
 
 13
 The district court order is affirmed and the case is remanded for further proceedings.
 
 
 
 [1]
 The decision in Garcia v. University of Kansas, 702 F.2d 849 (10th Cir.1983), is arguably inconsistent with the Zuniga and Shah approaches. However, Garcia was decided after plaintiffs filed their action
 
 
 [2]
 Like the instant case, Hansbury involved a claim of unconstitutional employment discrimination brought under section 1983 in New Mexico. Without discussion, this court approved application of the New Mexico four-year statute of limitations governing actions "founded upon accounts and unwritten contracts; those brought for injuries to property or for the conversion of personal property or for relief upon the ground of fraud, and all other actions not herein otherwise provided for and specified." Id. at 949 n. 15