**David D. JONES, Plaintiff-Appellant,**

v.

**CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE, a Delaware corporation; Teamsters, Chauffeurs, Warehousemen and Helpers Local No. 17; and Western Conference of Teamsters, Defendants-Appellees.**

No. 83–2126.

United States Court of Appeals, Tenth Circuit.

Nov. 12, 1985.

Barry D. Roseman, Denver, Colo., for plaintiff-appellant.

Walter V. Siebert of Sherman & Howard, Denver, Colo., for defendant-appellee Consolidated Freightways Corp., and John A. Criswell of Criswell, Patterson & Myles, Englewood, Colo., for defendant-appellee Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local 17.

Before HOLLOWAY, Chief Judge, SEYMOUR, Circuit Judge, and BOHANON, District Judge.*

SEYMOUR, Circuit Judge.

The question in this case is whether the decision in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), should be applied retroactively.[1] We hold that it should not under the circumstances of this case.

## I.

David D. Jones was employed as a warehouseman by Consolidated Freightways Corporation in Denver, Colorado. The terms and conditions of his employment were governed by a collective bargaining agreement between Consolidated Freightways and Local No. 17 of the Teamsters, Chauffeurs, Warehousemen and Helpers. Jones was discharged on August 15, 1980. On November 5, his discharge was upheld by a committee of employer and union representatives. Twenty months later, Jones filed this action under section 301 of the National Labor Management Relations Act of 1947, 29 U.S.C. § 185 (1982) (NLMRA), claiming (1) that Consolidated Freightways had breached the collective bargaining agreement in discharging him, and (2) that Local No. 17 and the Western Conference of Teamsters had breached their duty of fair representation in handling his grievance against the company. Defendants moved for summary judgment on the

---

* Honorable Luther L. Bohanon, United States District Judge for the Northern, Eastern, and Western Districts of Oklahoma, sitting by designation.

1. In *Barnett v. United Air Lines, Inc.*, 738 F.2d 358 (10th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 594, 83 L.Ed.2d 703 (1984), a panel of this court applied the rationale of *DelCostello* retroactively to a case arising under the Railway Labor Act, but did not discuss or otherwise resolve the issue.

ground that the action was time barred. In denying their motion, the district court ruled that the case was governed by a Colorado statute mandating a limitations period of at least two years for any suit brought under a federal statute. Three months later, in *DelCostello*, the Supreme Court held that the six-month statute of limitations contained in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1982) (NLRA), was to govern all section 301 actions against both employer and union. The district court subsequently reconsidered its original decision, determined that *DelCostello* should be applied retroactively, and dismissed the complaint. Jones then appealed.

## II.

In *United Steelworkers of America v. Flowers*, the case consolidated with *Del-Costello*, the Court applied section 10(b) to bar Flowers' claim, thereby giving retroactive effect to the newly-minted limitations period. The preliminary question thus arises whether the *DelCostello* Court implicitly determined that its ruling is to be applied retroactively in pending cases as well.[2]

The Supreme Court generally restricts its review to questions fairly presented in the petition for certiorari. *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 398, 99 S.Ct. 1171, 1175, 59 L.Ed.2d 401 (1979). Exceptions are well-recognized and have been limited thus far to cases involving questions of subject matter jurisdiction, plain error, or significant matters of federal judicial administration. *See National Association of Broadcasters v. Federal Communications Commission*, 554 F.2d 1118, 1124 n. 15 (D.C.Cir.1976). Moreover, when the Court has decided a question which was not raised by the parties, "it has invariably done so *explicitly*." *Id.* (emphasis in original) (reviewing cases).

In *DelCostello*, the issue of retroactivity was not raised in the petitions for certiora-

ri; it was apparently neither briefed nor argued by the parties; and it was not explicitly considered or mentioned by the Court. Therefore, to conclude that the issue has been resolved definitively would be premature. *Smith v. General Motors Corp.*, 747 F.2d 372, 376 (6th Cir.1984) (en banc) (Merritt, J., concurring specially); *accord, Zemonick v. Consolidation Coal Co.*, 762 F.2d 381 (4th Cir.1985); *cf. United States v. Stewart*, 650 F.2d 178, 179–80 (9th Cir.1981) (retroactivity of search and seizure decision).

## III.

██ Three factors are relevant to the nonretroactive application of judicial decisions: (1) whether the decision establishes "a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed"; (2) whether retroactivity would advance or contravene the decision's underlying purpose(s); and (3) whether retroactive application could result in substantial inequity. *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971). "This 'approach has consistently been utilized where changes in statutes of limitations or other aspects of the timeliness of a claim are at issue.'" *Jackson v. City of Bloomfield*, 731 F.2d 652, 654 (10th Cir.1984) (en banc) (quoting *Occhino v. United States*, 686 F.2d 1302, 1308 n. 7 (8th Cir.1982)).

A proper assessment under *Chevron Oil* focuses upon the relative significance of the individual *Chevron* factors. It is not necessary that each factor compel prospective application. *See id.* at 655; *see also Cipriano v. City of Houma*, 395 U.S. 701, 706, 89 S.Ct. 1897, 1900, 23 L.Ed.2d 647 (1969); *England v. State Board of Medical Examiners*, 375 U.S. 411, 422, 84 S.Ct. 461, 468, 11 L.Ed.2d 440 (1964). While nonretroactivity generally depends upon the ex-

---

**2.** Two of the circuits have so held. *See Welyczko v. U.S. Air, Inc.*, 733 F.2d 239 (2d Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984); *Smith v. General Motors Corp.*, 747

F.2d 372 (6th Cir.1984) (en banc). *But see Byrne v. Buffalo Creek Railroad Co.*, 765 F.2d 364 (2d Cir.1985) (creating exception to *Welyczko* ).

istence of clear past precedent, *Cash v. Califano*, 621 F.2d 626, 629 (4th Cir.1980), "the final determination involves pulling together the three factors for a careful balancing." *Id.; see also Jackson*, 731 F.2d at 655.

### A.

Jones relies upon a Colorado statute which mandates a limitations period of not less than two years for actions brought under federal statutes. *See* Colo.Rev.Stat. § 13–80–106 (1973).[3] Since actions under section 301 of the NLMRA are created and governed by federal law, *Textile Workers of America v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), the language of the Colorado statute would clearly encompass Jones' claim.

Before the filing of this action, decisions in the Tenth Circuit consistently had confirmed that section 13–80–106 governs actions brought under federal statutes where state law is construed as the source of an appropriate limitations period. *See, e.g., Denny v. Hutchinson Sales Corp.*, 649 F.2d 816, 820 (10th Cir.1981) (civil rights action); *Zuniga v. AMFAC Foods, Inc.*, 580 F.2d 380, 384–85 (10th Cir.1978) (same) (citing cases), overruled on other grounds by *Garcia v. Wilson*, 731 F.2d 640 (10th Cir.1984) (en banc); *Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 472 F.Supp. 402, 405 (D.Colo.1979) (securities case), *aff'd on other grounds*, 651 F.2d 687 (10th Cir.),

cert. denied, 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 209 (1981); *Carpenters & Millwrights Health Benefit Trust Fund v. Domestic Insulation Co.*, 387 F.Supp. 144, 148 (D.Colo.1975) (§ 301 action by employee trust).[4] These cases reason that section 13–80–106 creates "a presumptive two year limitations period" in the case of federal actions, subject only to the priority of any longer period "specified for comparable actions arising under state law." *Ohio v. Peterson*, 472 F.Supp. at 405; *see also Zuniga*, 580 F.2d at 385. "Under no circumstances is the applicable statute of limitations less than two years." *Denny*, 649 F.2d at 820. Although none of the cited cases specifically concerned a hybrid action under section 301, the district court in this case did not hesitate to apply section 13–80–106 prior to the Supreme Court's decision in *DelCostello*.[5]

Considering the clear language of the two-year statute, the broad range and reasoning of the cases applying it, and the absence of cases in this circuit employing a contrary analysis, we conclude that clear past precedent existed upon which Colorado litigants could reasonably have relied.[6] *See Marino v. Bowers*, 657 F.2d 1363, 1367 (3d Cir.1981).

Federal decisions prior to *DelCostello* confirm that Jones could justifiably have relied upon state law as the source of an appropriate limitations period. The semi-

3. The statute provides:
  "All actions upon a liability created by a federal statute, other than for a forfeiture or penalty for which actions no period of limitations is provided in such statute, shall be commenced within two years or the period specified for comparable actions arising under Colorado law, whichever is longer, after the cause of action accrues."

4. Predecessors of what is now section 13–80–106 did not provide for the application of longer limitations periods governing comparable actions under state law. Because the statute thereby discriminated against federal claims, its constitutionality was questioned in *Trussell v. United Underwriters, Ltd.*, 228 F.Supp. 757, 775–76 (D.Colo.1964). Since its amendment, however, the statute has been upheld against constitutional challenge, *McKinney v. Armco Recreational Products, Inc.*, 419 F.Supp. 464, 467

(D.Colo.1976), and the Tenth Circuit implicitly has confirmed its validity in the cases cited.

5. Before Jones filed suit, the lower court in *Barnett*, 738 F.2d 358, had reached a different conclusion on the theory that a ninety-day Colorado statute for vacating arbitration awards would better accord with federal labor policy. Since the judge ruled from the bench and no written opinion followed, that decision cannot fairly be viewed as contrary precedent at the time Jones filed his complaint, irrespective of whether it was correctly reasoned.

6. Several of the circuit court decisions giving retroactive effect to *DelCostello* have done so because of a contrary finding with respect to past precedent. *See, e.g., Perez v. Dana Corp.*, 718 F.2d 581, 585–87 (3d Cir.1983); *Landahl v. PPG Industries, Inc.*, 746 F.2d 1312, 1314–15 (7th Cir.1984).

nal case of *United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), held that federal courts should apply the most analogous state statute to section 301 suits involving claims by an employee against an employer. The Court reserved the question whether other types of section 301 actions might necessitate different rules of timeliness. *Id.* at 705 n. 7, 86 S.Ct. at 1113 n. 7. After *Hoosier Cardinal* was decided, the circuits consistently relied upon state law as the source of appropriate limitations periods for hybrid actions against both employer and union. *See Perez v. Dana Corp.*, 718 F.2d 581, 586 (3d Cir.1983) (reviewing cases). Despite the Supreme Court's intimation that a different standard might apply, and notwithstanding sharp division over which state statutes should apply, the circuits adhered to the approach of consulting state law.

The subsequent case of *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), did not mandate or otherwise prompt any change in prevailing practice among the circuits.[7] In choosing which of two state limitations periods should govern a section 301 action against an employer, the *Mitchell* Court specifically reserved the question whether the statute of limitations contained in section 10(b) of the NLRA ought to apply to hybrid claims. *Id.* at 60 n. 2, 101 S.Ct. at 1562 n. 2. The concurring opinions of Justices Stewart, *id.* at 65–71, 101 S.Ct. at 1565–68, and Blackmun, *id.* at 65, 101 S.Ct. at 1565, did suggest the potential applicability of section 10(b). *See Graves v. Smith's Transfer Corp.*, 736 F.2d 819, 821 (1st Cir.1984); *Lincoln v. District 9 of the International Association of Machinists*, 723 F.2d 627 (8th Cir.1984). However, the mention of a new federal standard does not

demonstrate the existence of a majority in its favor. *Zemonick*, 762 F.2d at 385–86. Only in *DelCostello* did the Court overturn the previously sanctioned and widespread practice of referring to state limitations periods in hybrid actions under section 301. *See, e.g., Gosa v. Mayden*, 413 U.S. 665, 673, 93 S.Ct. 2926, 2932, 37 L.Ed.2d 873 (1973); *see also United States v. Johnson*, 457 U.S. 537, 551–52, 102 S.Ct. 2579, 2587–88, 73 L.Ed.2d 202 (1982).

### B.

The *DelCostello* Court explained that an appropriate limitations period in hybrid actions must be long enough effectively to allow employees to vindicate their rights, yet short enough to ensure "the relatively rapid final resolution of labor disputes favored by federal law." 462 U.S. at 168, 103 S.Ct. at 2292. The practice of resorting to analogous state statutes ultimately proved unsatisfactory in fulfilling such uniquely federal objectives. In adopting the statute of limitations contained in section 10(b) of the NLRA, the Court concluded that it would strike the best balance between these two competing interests. *Id.* at 169–71, 103 S.Ct. at 2293–94.

Retroactivity would foster the rapid resolution of labor disputes by disposing of claims brought more than six months but less than two years after they arose. At the same time, aggrieved employees like Jones, who have justifiably relied upon longer state limitations period, would be deprived of any fair opportunity to vindicate their rights.[8] *See Zemonick*, 762 F.2d at 387; *see also Pitts v. Frito-Lay, Inc.*, 700 F.2d 330, 334 (6th Cir.1983). On balance, applying *DelCostello* retroactively. in situations where clear past precedent exist-

---

7. The only exception was the Sixth Circuit's subsequent adoption of section 10(b)'s limitations period in *Badon v. General Motors Corp.*, 679 F.2d 93 (6th Cir.1982). Since that case was decided one month before Jones filed suit and stood alone among the circuits, it cannot reasonably be viewed as undercutting the otherwise uniform practice of referring to state law.

8. Several of the circuits have emphasized rapidity and finality over the vindication of employee rights, reasoning that "the Court has determined, in effect, that six months is long enough." *Perez*, 718 F.2d at 588. The Court did not determine, however, that six months was enough for employees who had no way of knowing that such an abbreviated limitations period would be imposed upon them retroactively. *See* Part II above.

ed would neither advance nor contravene the dual concerns underlying that decision.

### C.

In this case, as in *Chevron Oil*, it would be inequitable "to hold that the respondent 'slept on his rights' at a time when he could not have known the time limitation that the law imposed upon him...." 404 U.S. at 108, 92 S.Ct. at 356; *see also Jackson*, 731 F.2d at 655; *Edwards v. Teamsters Local No. 36*, 719 F.2d 1036, 1040 (9th Cir.1983), *cert. denied*, 465 U.S. 1102, 104 S.Ct. 1599, 80 L.Ed.2d 130 (1984). Jones has relied throughout these proceedings upon the provisions of section 13–80–106, which allotted him at least two years in which to sue. *Cf. Edwards v. Sea-Land Service, Inc.*, 720 F.2d 857, 862 (5th Cir.1983) (past precedent existed but not cited to the court below). Although he waited twenty months before doing so, Jones acted justifiably under existing state law and without knowledge that a shorter limitations period could be applied to bar his claim. During this time, he wrote to the Teamsters' president in an effort to settle the matter informally. Finally, barring claims such as Jones' would eliminate potential redress for the loss of employment, an injury as severe as those deemed worthy of protection in *Chevron*, 404 U.S. at 108, 92 S.Ct. at 356. "[N]onretroactive application here simply preserves his right to a day in court." [9] *Id.*

### IV.

■ *DelCostello* marks a clear break with precedent upon which Colorado litigants could reasonably have relied, and the purposes underlying that decision would not unequivocally be served through its retroactive application. It would therefore be inappropriate to apply *DelCostello* retroactively to bar Jones' claim. Accordingly, the judgment of the district court dismissing the complaint is reversed and the case remanded for further proceedings.

---

**9.** In this case, substantial resources have not been expended upon pre-trial preparation. *See, e.g., Graves*, 736 F.2d at 822. Such costs, however, while perhaps an element in assessing potential inequity, are not a necessary element. *See, e.g., Edwards*, 719 F.2d 1036.