Jerry Lynn YOUNG, Plaintiff,

v.

Neal B. BIGGERS, Jr., et al.,
Defendants.

No. EC 85–260–LS–D.

United States District Court,
N.D. Mississippi.

Jan. 15, 1986.

Neal B. Biggers, Jr., U.S. District Judge, Oxford, Miss., pro se.

J. Patrick Caldwell, Riley, Weir & Caldwell, P.A., Tupelo, Miss., for defendants Collins and Hoard.

Donald G. Barlow, Special Asst. Atty. Gen., Jackson, Miss., for defendants Funderburk, Grey & Herring.

Charles Powers, Scott, Hetrick, McBee & Powers, Jackson, Miss., for defendant Farese.

Edward D. Lancaster, Houston, Miss., for defendant Fox.

John S. Hill, Mitchell, McNutt, Bush, Lagrone & Sams, Tupelo, Miss., for defendants Crider and Jones.

Jerry Lynn Young, pro se.

## MEMORANDUM OPINION

E. GRADY JOLLY, Circuit Judge, Sitting by Designation.

This cause is before the court on the motions of the defendants, John Farese, Barbara Hoard, Jim Collins, Paul Funderburk, Travis Gray, Robert Herring, Edward Crider, Doug Jones, and John Fox, to dismiss the above-captioned cause of action as time-barred.[1] The allegations are that in the course of his arrest, trial, and sentencing on charges of armed robbery, the defendants conspired to deprive and did deprive the plaintiff of $5,300, conspired to deprive him of his liberty, and maliciously and unlawfully confined him to prison, all in violation of the fourteenth amendment due process guarantees. The plaintiff was arrested in March 1980 and was tried, convicted, and sentenced in December 1980. He filed this 42 U.S.C. § 1983 action for damages in June 1985.

In September 1985 the United States Court of Appeals for the Fifth Circuit held that the one-year limitations period of Miss.Code Ann. § 15-1-35 applies to all actions brought in Mississippi under 42 U.S.C. § 1983. *Gates v. Spinks*, 771 F.2d 916 (5th Cir.1985). *Gates* followed the Supreme Court ruling in *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), which held that all 42 U.S.C. § 1983 cases are governed by the state statute of limitations governing personal injury actions. The defendants promptly moved to dismiss on the grounds that the plaintiff's claim is time-barred. The plaintiff has responded that *Wilson* and *Gates* should not be applied retrospectively so as to bar his claim.

The Supreme Court addressed the issue of retrospective application of changes in the law of statutes of limitation in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). *See also Edwards v. Sea-Land Service, Inc.*, 720 F.2d 857 (5th Cir.1983). Decisions are not to be applied retroactively if (1) the decision to be applied establishes a new principle of law, either by overruling clear past precedent on which the litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) retroactive application will not further the purpose of the rule; and (3) retroactive application could produce substantial inequitable results. *Chevron*, 404 U.S. at 106–7, 92 S.Ct. at 355–56; *Nations v. Sun Oil Co. (Delaware)*, 705 F.2d 742, 744 (5th Cir.1983). We analyze Young's action in the light of each factor.

First we ask if *Gates* established a new principle of law, overruling clear past precedent or deciding an issue of first impression in this court. *Gates* held that federal courts must select one state statute of limitations for all § 1983 claims and thereby overturned Fifth Circuit precedent which applied different limitation periods to different types of § 1983 claims. *See Gates*, 771 F.2d at 918 and cases cited therein. This fact alone, however, does not mean that Young has met the first *Chevron* factor.

Under pre-*Wilson* and pre-*Gates* law, the limitation period for filing an action under

---

1. The defendant Neal Biggers has already been dismissed on the grounds of judicial immunity. In addition, although the eleventh defendant, Virginia Duffie, has not answered or made an appearance in this cause of action, this memorandum opinion and the accompanying orders apply to her.

42 U.S.C. § 1983 was determined by reference to the limitations period of the state cause of action most analogous to the particular § 1983 action. *McMillian v. City of Rockmart,* 653 F.2d 907 (5th Cir.1981); *Shaw v. McCorkle,* 537 F.2d 1289 (5th Cir. 1976); *Boshell v. Alabama Mental Health Board,* 473 F.2d 1369 (5th Cir.1973). Miss. Code Ann. § 15–1–35 read as follows in 1980 when Young's cause of action accrued:

**Limitations applicable to actions for certain torts.**

All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, and for libels, shall be commenced within one year next after the cause of such action accrued, and not after.

Although in 1980 there was no authority in the circuit that this limitations period would definitely have applied to Young's § 1983 action, neither was there contrary authority. In *Shaw v. McCorkle,* the Fifth Circuit held that the plaintiff's § 1983 action was governed by Mississippi's residuary six-year limitation period, which includes action on a written contract, Miss. Code Ann. § 15–1–49. The district court had applied the one-year limitations period for torts, holding that the suit for damages against four Mississippi highway patrolmen and their surety for breach of the performance bond was analogous to an intentional tort action. In reversing, the Fifth Circuit decided that the Mississippi Supreme Court would have characterized the plaintiff's section 1983 suit as a contract action and therefore it was governed by the six-year limitations period for written contracts. *Shaw,* 537 F.2d at 1294.

*Shaw,* however, cannot be used by the plaintiff to support a claim that in the absence of *Wilson* the six-year limitations period would govern his case. *Shaw*'s case is different from Young's on its face; *Shaw* was characterized as a contract action while Young's sounds in tort. It is more likely than not that even pre-*Wilson* and pre-*Gates,* under the principle of applying the limitations period of the most closely analogous state claim, the one-year limitations period for common-law intentional torts would have been held to be controlling in Young's case. Thus, Young was on notice in 1980 that it would not have been reasonable to wait more than one year to file his suit. *See Smith v. City of Pittsburgh,* 764 F.2d 188, 194–95 (3d Cir.1985). Young's case is distinguishable from other cases where a court may decline to apply *Wilson* retrospectively because the plaintiffs could justifiably have relied on that court's prior precedent. *See, e.g., Jackson v. City of Bloomfield,* 731 F.2d 652 (10th Cir.1984) (en banc); *Abbitt v. Franklin,* 731 F.2d 661 (10th Cir.1984) (en banc).

Under the second *Chevron* factor, we must determine whether the purposes of the new *Gates* rule will be furthered or retarded by retrospective application. The general purpose of the *Wilson* and *Gates* approach is to further the federal interest in equal treatment of similar claims, and in the minimizing of unnecessary litigation. *Wilson,* 105 S.Ct. at 1947; *Jackson,* 731 F.2d at 655. This purpose is served by applying the one-year statute of limitations to all plaintiffs, whether their claims are already in litigation or not, so long as the other *Chevron* factors are met. *See Smith,* 764 F.2d at 196.

The final *Chevron* factor that we must consider is whether retrospective application of the new rule will lead to harsh or inequitable results. If under the prior rule it would have been reasonable for a plaintiff to wait to file suit, it would be unjust to hold that this plaintiff has slept on his rights based on a change in the law occurring after his action was filed. We find that there exists no such injustice here. First, we note that *Wilson* was decided before Young filed his claim in district court.[2] Second, we reiterate that under the pre-*Wilson* law of this circuit, Young could not have reasonably relied upon an assump-

2. *Wilson* was issued April 17, 1985. Young filed his original complaint on June 19, 1985.

---

tion that a limitations period longer than one year would apply to his section 1983 claim based on, among other things, false arrest, malicious prosecution, and replevin.

The defendants' motions to dismiss for failure to state a claim upon which relief may be granted are GRANTED and this cause is dismissed as to all defendants.