**Juanita STEWART, Plaintiff,**

v.

**Cecil RUSSELL, Defendant.**

**Civ. A. No. E83–0196(L).**

United States District Court,
S.D. Mississippi, E.D.

Feb. 5, 1986.

Wilbur O. Colom, Columbus, Miss., for plaintiff.

Taylor V. Smith, Columbus, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court for determination on the issue of whether this action seeking relief under 42 U.S.C. § 1983 is time-barred under the holding in *Gates v. Spinks*, 771 F.2d 916 (5th Cir.1985). In his answer, defendant Cecil Russell requested dismissal or summary judgment on limitations grounds. Prior to trial and following the Fifth Circuit's ruling in *Gates* in September 1985, defendant supplemented his answer with memorandum brief in support of what he denominated as his "Motion to Dismiss or for Summary Judgment all as contained in the Second Defense of the Answer."[1] Plaintiff Juanita Stewart filed a response in the form of a copy of her amicas curiae brief filed in support of suggestion for rehearing en banc in *Gates*.[2] The court has reviewed the memoranda and

---

1. Plaintiff has raised no objection to the form of defendant's motion, and the court will hereinafter address the issue as if an independent motion to dismiss or for summary judgment had been filed.

2. Rehearing en banc was denied in *Gates* on October 22, 1985, 775 F.2d 1168.

pertinent parts of the record in considering the matter.

Plaintiff Juanita Stewart is the mother and surviving heir of Larry Stewart, deceased. Defendant Cecil Russell was at all times relevant to this action the sheriff of Noxubee County, Mississippi. Plaintiff's complaint alleges that in the early morning hours of February 8, 1982, Larry Stewart was arrested by officers of the Noxubee County Sheriff's Department and charged with assault with intent to kill. He was taken to the Noxubee County Jail and booked around 4:30 A.M. Plaintiff further alleges that members of the Noxubee County Sheriff's Department observed Larry Stewart drink gasoline or antifreeze just before he was arrested, and that he was denied medical treatment by the defendant for some twelve hours following his arrest despite his repeated requests and obvious suffering. He was taken to a physician, Dr. Pat H. Gill, late on the afternoon of February 8, but apparently his condition was unrelieved by the treatment administered by Dr. Gill. His condition deteriorated through the night of February 8, and he was taken back to Dr. Gill on the morning of February 9. Dr. Gill transferred him to Columbus Hospital in Columbus, Mississippi, where Larry Stewart died at approximately 1:00 P.M.

Plaintiff's complaint alleges that the actions of defendant evidenced deliberate indifference to the serious medical needs of Larry Stewart in violation of the Eighth Amendment, *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), and deprived him of life, liberty or property in violation of the Fourteenth Amendment. Plaintiff asserts, therefore, that she is entitled to pursue the relief provided in 42 U.S.C. § 1983. For purposes of the instant motion, the critical fact is that plaintiff's complaint in this cause was not filed until October 19, 1983, some 20 months after plaintiff's cause of action accrued.

In *Gates*, the Fifth Circuit undertook to determine the limitations period applicable to all actions brought in Mississippi under § 1983 in light of the decision of the United States Supreme Court in *Wilson v. Garcia*, — U.S. —, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). *Wilson* held that state statutes of limitations governing the general tort remedy for personal injuries should also govern claims under § 1983. 105 S.Ct. at 1948. The question facing the Fifth Circuit in *Gates* was whether the one-year limitation on actions based on most common law intentional torts, Miss.Code Ann. § 15–1–35 (1972), or the residual six-year limitations on all causes of action not otherwise provided for, Miss.Code Ann. § 15–1–49 (1972), should govern all § 1983 actions brought in Mississippi. 771 F.2d at 919. Based upon a review of the congressional purpose in enacting § 1983 and the historical context in which the remedy was developed, the Fifth Circuit determined that a § 1983 action is "more closely analogous to intentional torts governed by the one-year prescriptive period provided in Miss.Code Ann. 15–1–35." *Id.* at 919–20. Thus, the court held that the one-year statute governs all § 1983 actions filed in Mississippi. *Id.* at 920.

In the wake of *Gates*, defendant filed the instant motion seeking dismissal of this action. The issue before the court is whether *Gates* should be accorded retroactive application to bar on limitations grounds even those actions which were filed before *Gates* and *Wilson*. Utilizing a case-by-case analysis which this court deems both fair and appropriate under *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the court concludes that *Gates* should not be given retroactive application to bar the instant action.

In *Chevron*, the Supreme Court established three factors which must be considered in determining retroactive application of changes in the law of limitations of actions. Decisions are not to be applied retroactively if (1) the decision establishes a new principle of law, either by overruling clear past precedent on which the litigants may have relied, or by deciding an issue of

first impression the resolution of which was not clearly foreshadowed; (2) retroactive application will not further the purpose of the rule; and (3) retroactive application could produce substantial inequitable results. 404 U.S. at 106–07, 92 S.Ct. at 355–56; *Edwards v. Sea-Land Service, Inc.*, 720 F.2d 857, 860 (5th Cir.1983); *Nations v. Sun Oil Co. (Delaware)*, 705 F.2d 742, 744 (5th Cir.1983); *Young v. Biggers, et al.*, 630 F.Supp. 590 (N.D.Miss.1986). In applying each of the *Chevron* factors to the instant case, the court is not unmindful of the case, the court is not unmindful of the often-stated rule that "we should not have one law for old cases and another law for new cases." *Edwards*, 720 F.2d at 863 (quoting *Lawson v. Truck Drivers, Chauffeurs & Helpers*, 698 F.2d 250, 254 (6th Cir.1983)).

Even a cursory examination of the annotations to Miss.Code Ann. §§ 15–1–35, 15–1–49 (1972 and Supp.1985), reveals only one case [3] in which the one-year statute was applied to bar an action under § 1983 against law enforcement officers for deprivation of constitutional rights.[4] In *Ballard v. Taylor*, 358 F.Supp. 409 (N.D.Miss. 1973), a case that was not appealed, the district court applied the one-year statute to bar an action against a sheriff and constable for alleged unfounded arrest, beating of a plaintiff and denial of medical treatment. *Ballard*, however, was rejected on grounds of its misinterpretation of Mississippi law in *Shaw v. McCorkle*, 537 F.2d 1289, 1295 n. 13 (5th Cir.1976). Thus,

while *Ballard* could arguably be used to support the proposition that utilization of the one-year statute in § 1983 actions was at least foreshadowed, *Shaw* and its analysis of the nature of the cause of action against law enforcement officials under Mississippi law was so clearly embraced in subsequent decisions as to make its analysis, and not that of *Ballard*, "clear past precedent" for purposes of the first *Chevron* factor. *See Board of Regents v. Tomanio*, 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975) (in selecting state limitation period to apply to § 1983 action, court must adopt appropriate limitation period governing an analogous state cause of action).

In *Shaw*, plaintiff brought a § 1983 action against four Mississippi highway patrolmen and their surety on their official performance bond. The complaint alleged deprivation of constitutional rights stemming from the use by the patrolmen of excessive force in their arrest of plaintiff. The district court had dismissed the complaint as time-barred under the one-year statute. 537 F.2d at 1290–91. The Fifth Circuit reversed, holding that under Mississippi law the suit would be characterized as an action against a public officer and the surety on his bond, and as such would be governed by the six-year statute on written contracts. *Id.* at 1294. The fact that the suit in *Shaw* involved an underlying surety

---

**3.** The one-year statute was also applied in *Boydstun v. Perry*, 359 F.Supp. 48 (N.D.Miss. 1973), a case which does not appear in the annotations. *Boydstun*, however, does not alter the relevant analysis, and, indeed, with *Ballard v. Taylor*, 358 F.Supp. 409 (N.D.Miss.1973), constitutes anomalous and wrong holdings under pre-*Gates* Mississippi law.

**4.** A plaintiff's attorney researching the annotations to Miss.Code Ann. §§ 15–1–35, 15–1–49 would find the following pre-*Gates* cases indicating that the residual six-year statute applied in actions brought in Mississippi under § 1983, with *Ballard* as the only cited anomaly: *Morrell v. City of Picayune*, 690 F.2d 469 (5th Cir.1982)

(action under 42 U.S.C. § 1983); *Shaw v. McCorkle*, 537 F.2d 1289 (5th Cir.1976) (action under 42 U.S.C. § 1983); *Franklin v. City of Marks*, 439 F.2d 665 (5th Cir.1971) (action under 42 U.S.C. § 1983); *Simons v. Columbus*, 593 F.Supp. 876 (N.D.Miss.1984) (action under 42 U.S.C. § 1983); *Walls v. Mississippi State Dept. of Public Welfare*, 542 F.Supp. 281 (N.D.Miss. 1982) (action under 42 U.S.C. §§ 1981, 1983). The residual six-year statute applied in actions brought in Mississippi under 42 U.S.C. § 1981 until the Fifth Circuit held in *White v. United Parcel Service*, 692 F.2d 1, 3 (5th Cir.1982), that the one-year statute on actions based on an unwritten contract of employment, Miss.Code Ann. § 15–1–29, was controlling.

contract was not solely dispositive.[5] Relying on two Mississippi Supreme Court cases involving analogous actions against law enforcement officers under state law, *State For Use of Smith v. Smith,* 156 Miss. 288, 125 So. 825 (1930), and *Alexander v. Carsley,* 199 Miss. 881, 25 So.2d 709 (1946), the court in *Shaw* stated that, when an act of a law enforcement officer involves excessive force or otherwise deprives a plaintiff of his constitutional rights, "such an act is not the breach of a duty which every person owes to every other person, and thus is not an intentional tort. Rather, the action is for breach of the [law enforcement officer's] official duties." *Id.* at 1293. These additional duties were seen in *Shaw* as arising in contract, and it was for breach of these additional official duties that liability under 42 U.S.C. § 1983 was imposed. The fact that plaintiff joined the patrolmen's surety in the suit was not seen as the *sine qua non* for application of the six-year statute. *Id.* at 1295 n. 11, 14.

Any doubt that the six-year statute applied in § 1983 actions against police officers in Mississippi, regardless of the presence of the surety as a named defendant, was laid to rest in *Morrell v. City of Picayune,* 690 F.2d 469 (5th Cir.1982). In an action against the city and several police officers who had allegedly hurled plaintiff against the concrete floor and wall of a jail cell, the district court had granted summary judgment through application of the one-year statute. *Id.* at 469. The Fifth Circuit reversed, stating with specific regard to the appellee's argument that *Shaw* and *Smith* were distinguishable because those suits involved the presence of sureties as defendants:

> As we noted in *Shaw,* however, the square holding of the Mississippi court in *Smith* is that the one-year statute governing actions for intentional torts by ordinary citizens does not apply to torts by police. 537 F.2d at 1294 n. 11. Since it does not, it appears that the six-year catch-all statute controls.

*Id.* at 470.[6]

At least by the time of *Morrell,* "clear past precedent", *Chevron,* 404 U.S. at 106, would have indicated to a plaintiff's attorney that it would have been reasonable to assume that the six-year statute applied in *all* § 1983 actions against Mississippi law enforcement officers. In this case, plaintiff's cause of action accrued in February 1982. Some nine months later, on November 1, 1982, the Fifth Circuit issued its opinion in *Morrell.* This court is of the opinion that plaintiff's attorney could have reasonably relied on *Shaw* and *Morrell* in delaying filing suit in this cause past the one-year prescriptive period.

Furthermore, *Gates* signalled a clear departure from this precedent by rejecting the analytical approach formerly used in characterizing § 1983 claims in this circuit. Rather than comparing the particular facts underlying the § 1983 claim to factually similar state law actions, as was done in *Shaw* and *Morrell, Gates* established a uniform limitations period to apply in all § 1983 actions, regardless of the nature of the underlying wrong. *Jackson v. City of Bloomfield,* 731 F.2d 652, 654 (10th Cir. 1984).[7] Therefore, the court is of the opin-

---

**5.** The court notes that defendant Russell would be required, pursuant to Miss.Code Ann. § 25–1–31 (1972 and Supp.1985), to maintain a personal bond although the surety on his bond was not named in the complaint.

**6.** For other cases after *Morrell* but before *Gates* indicating that the six-year statute applied to § 1983 actions in Mississippi, *see Breland v. Board of Educ. of Perry County,* 729 F.2d 360, 362 (5th Cir.1984); *Simons v. City of Columbus,* 593 F.Supp. 876, 878 (N.D.Miss.1984); *Mathis v. Indem. Ins. Co. of North America,* 588 F.Supp. 489, 493 (S.D.Miss.1983).

**7.** In *Jackson,* the Tenth Circuit refused to accord retroactive application to the uniform rule on limitations in § 1983 actions developed in *Garcia v. Wilson,* 731 F.2d 640 (10th Cir.1984) (*en banc*), *aff'd* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Although the *Jackson* court relied on clear past precedent in the Tenth Circuit in denying retroactive application, this court finds its reasoning compelling in view of the existence of Fifth Circuit precedent specifically holding that the six-year statute applied in § 1983 actions against Mississippi law enforcement officials.

ion that *Gates* makes a clear break with prior Fifth Circuit decisions, exemplified in *Shaw* and *Morrell,* sufficient to establish a new principle of law for purposes of the first *Chevron* factor. 404 U.S. at 106.

The second of the *Chevron* factors requires the court to look to the history, purpose and effect of the rule in question to determine whether retrospective application will further or retard its operation. 404 U.S. at 107. The general and obvious purpose of the *Gates* and *Wilson* rulings is to promote equal treatment of similar claims, and to minimize unnecessary litigation. *Wilson,* 105 S.Ct. at 1947; *Young v. Biggers,* at ——. In *Jackson,* the Tenth Circuit, in reviewing the goals of *Wilson 's* uniform limitations approach in § 1983 actions, stated simply, "On balance, we cannot say that retrospective application to bar plaintiffs' claims at this point in litigation would either hamper or promote these goals." 731 F.2d at 655. Weighing the purposes of uniformity and minimizing unnecessary litigation as announced in *Wilson* and *Gates* against the "high purposes of th[e] unique remedy" in § 1983, *Wilson,* 105 S.Ct. at 1945, and the obvious inequity of charging this plaintiff with notice that the one-year statute would be uniformly applied in the absence of clear past precedent indicating or even foreshadowing such result, this court concludes that denying retroactive application to *Gates* will not retard its overall purpose. These are necessarily competing interests and purposes involved in this court's *Chevron* analysis. Indeed, there is a presumption of retrospec-

tive application inherent in the second *Chevron* factor.[8] The court determines, however, considering as it must all *Chevron* factors under the facts of this case, that the balance should be struck against applying *Gates* retroactively.

The third *Chevron* factor requires the court to consider whether retroactive application of *Gates* would produce substantial inequitable results. 404 U.S. at 107, 92 S.Ct. at 355. The analysis here is necessarily subsumed in this court's discussion of the first *Chevron* factor. The relevant inquiry was stated in *Smith v. City of Pittsburg,* 764 F.2d 188, 196 (3rd Cir.1985), wherein the Third Circuit, relying on the absence of clear past precedent, accorded retrospective application to *Wilson:* "Where a plaintiff could have reasonably waited to file suit under the established prior rule, it would be inequitable to say he had slept on his rights because of a later and unforeseeable Supreme Court decision." (citing *Chevron,* 404 U.S. at 108, 92 S.Ct. at 356). Having determined previously that plaintiff's attorney could have reasonably relied on the clear precedent of *Shaw* and *Morrell* in delaying the filing of the complaint in this cause, it is obvious that substantial inequity would result if the action were barred on limitations grounds, based on a change in the law occurring after the action was filed. *Jackson,* 731 F.2d at 655.

The fact remains that the ruling in *Gates* was applied retroactively to bar Mrs. Gates' claim, with the court undertaking no discussion of retroactivity. *Gates,* how-

---

**8.** In *Edwards v. Sea-Land Service, Inc.,* 720 F.2d 857 (5th Cir.1983), the Fifth Circuit indicated that greater weight should be given to the second *Chevron* factor than whether there existed contrary past precedent and substantial equitable considerations militating against the retroactive application of a new rule:

> [I]n deciding whether civil rules should be applied retroactively we think that the purpose of the rule should be given greater weight than the extent to which the parties relied on the law that existed before the rule was announced.

720 F.2d at 862 (citations and quotations omitted). *See also Antoine v. United States Postal Service,* 781 F.2d 433 (5th Cir.1986).

In both *Edwards* and *Antoine,* however, the Fifth Circuit had determined that there was no clear past precedent on which the plaintiffs could have relied in delaying filing their complaints. The court was thus faced with a complete absence of the first and third *Chevron* factors and did not have to weigh them in the balance with the presumption that retroactive application would further the operation of the new uniform rule. Under the facts of this case, the court's duty is to weigh *all Chevron* factors in reaching a result in accord with equity. Additionally, neither *Edwards* nor *Antoine* were § 1983 actions.

ever, was a § 1983 action against several school officials in which plaintiff claimed that she was discharged as a teacher in retribution for her exercise of rights protected by the First Amendment. 771 F.2d at 917. The district court, relying on binding circuit authority, *White v. United Parcel Service*, 692 F.2d 1 (5th Cir.1982),[9] granted summary judgment on grounds that the one-year statute for actions on unwritten contracts, Miss.Code Ann. § 15–1–29, governed. 771 F.2d at 917. Thus, in *Gates* the application of the one-year statute in actions on unwritten contracts was not only foreshadowed but in accord with the clear past precedent.

In *Young v. Biggers*, per order of court 2/25/86 the court determined that *Gates* should be applied retrospectively to bar plaintiff's § 1983 claim. Plaintiff sued a number of defendants alleging deprivation of constitutional rights in his arrest, trial and sentencing on a charge of armed robbery. The cause of action accrued in December 1980 but plaintiff did not file his § 1983 complaint until June 1985.[10] *Young*, at ——. In applying the *Chevron* factors, the court determined that as of 1980 there was no "clear past precedent" on which plaintiff could have justifiably relied in delaying the filing of his complaint. *Id.* at ——. Distinguishing *Shaw,* supra, the court stated,

> *Shaw*, however, cannot be used by the plaintiff to support a claim that in the absence of *Wilson* the six-year limitations period would govern his case. *Shaw*'s case is different from *Young*'s on its face; *Shaw* was characterized as a contract action while *Young*'s sounds in tort. It is more likely that not even pre-*Wilson* and pre-*Gates*, under the principle of applying the most closely analogous state claim, the one-year limitations period for common-law intentional torts would have been held to be controlling in *Young*'s case. Thus, Young was on notice in 1980 that it would not have been

reasonable to wait more than one year to file his suit.

*Id.* at —— – ——.

The court in *Young* did not undertake to describe the official capacities of the nine defendants still in the suit at the time of the ruling, or the underlying facts alleged, if any, to support each claim. To the extent that law enforcement officers may have been involved as named defendants, and assuming further that a colorable claim of deprivation of constitutional rights was alleged against any such defendants, *Shaw* may have been relied upon by plaintiff as "contrary authority" to the application of the one-year statute. *Id.* at ——. Under the facts of this case, however, this court need not determine the precedential weight of *Shaw* alone. Any confusion concerning the contract theory relied upon in *Shaw* and the most closely analogous actions under Mississippi law was clarified by *Morrell*'s flat statement that "the one-year statute governing actions for intentional torts by ordinary citizens does not apply to torts by police." 690 F.2d at 470. As stated previously, *Morrell* was decided within nine months of the accrual of Stewart's cause of action. With *Shaw*, it stood as clear contrary controlling authority in the circuit to the application of the one-year statute to § 1983 actions against law enforcement officers in Mississippi. Thus, plaintiff's attorney cannot be charged with notice that the one-year statute *might* be applied to bar this action and it is fundamentally unfair to hold him responsible for anticipating the clear change in § 1983 law and analysis undertaken in *Gates*.

In conclusion, this court would note that the holding herein is limited to the particular facts of this case. The decision is premised upon application of the *Chevron* factors and the finding that there was clear past precedent in this circuit for the application of Mississippi's residual six-year statute of limitations in § 1983 actions against law enforcement officers. The

---

9. *See supra* note 3.

10. Significantly, Young's complaint was filed some two months *after* the decision in *Wilson* was issued. *Young*, at ——.

court reaches no conclusion with regard to § 1983 actions having different state law analogues under pre-*Gates* law.

For the reasons stated above, the court is of the opinion that *Gates v. Spinks* should not be accorded retroactive application to bar plaintiff's § 1983 action.

Accordingly, it is ordered that defendant's motion to dismiss or for summary judgment is denied.