**RESOURCE EXPLORATION & MINING, INC., a Wyoming Corporation, Plaintiff,**

v.

**ITEL CORPORATION, a Delaware Corporation, Defendant.**

**Civ. A. No. 80–C–373.**

United States District Court, D. Colorado.

July 17, 1980.

Rick G. Davis, Davis, Moorhead & Ceriani, P.C., Denver, Colo., for plaintiff.

Jeffrey C. Pond, John M. Vaught, Holland & Hart, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

THIS MATTER is before the Court on the defendant's motion to dismiss the entire first claim for relief and the punitive damage claims in the fourth claim for relief.

The first claim for relief alleges a violation of section 10(b) of the Securities Exchange Act,[1] and Rule 10b–5. The claim asserts that the defendant made false and misleading representations in connection with an agreement entered into with the plaintiff in February 1975. The instant action was filed in March 1980. On the basis of those facts, the defendant contends that the claim on its face shows that it is barred by the applicable statute of limitations.

For purposes of this motion the parties have agreed that the Colorado statute of limitations applies to actions alleging violations of Rule 10b–5. *deHaas v. Empire Petroleum Company*, 435 F.2d 1223 (10th Cir. 1971). Under Colorado law, actions seeking relief on grounds of fraud must be filed. within three years after discovery of the facts constituting the fraud. Section 13–80–109, C.R.S. 1973. The defendant contends that because the complaint does not allege when the facts constituting the fraud were discovered, and only alleges that the fraudulent acts took place more than three years prior to filing of the complaint, dismissal is appropriate on the basis of the statute of limitations.

There is no dispute that in certain circumstances it may be appropriate to grant a motion to dismiss based on the statute of limitations. However, because dismissal on the basis of the complaint alone is a drastic remedy, such action should be taken only when it is clear from the complaint that the plaintiff can prove no facts entitling it to relief. In this case, to require the plaintiff to allege the date it discovered the alleged fraud, or be subject to dismissal, would be to require it to plead facts in anticipation of an affirmative defense. Since the burden of pleading affirmative defenses is on the defendant, this Court declines to place that requirement on the plaintiff. The better reasoned cases have held that where the complaint does not state when the alleged fraud was discovered, it is not clear that the complaint fails to state a claim, and therefore, a motion to dismiss should be denied. *E.g., Fuls v. Shastina Properties, Inc.*, 448 F.Supp. 983 (N.D.Cal. 1978); *Josef's of Palm Beach, Inc. v. Southern Investment Co.*, 349 F.Supp. 1057 (S.D.Fla. 1972). *See also Kerby v.*

1. 15 U.S.C. § 78j(b).

*Commodity Resources Incorporated*, 395 F.Supp. 786 (D.Colo. 1975).

The fourth claim for relief alleges violation of fiduciary duties by the defendant, and seeks punitive damages for actions allegedly attended by circumstances of fraud, insult, and wanton and reckless disregard of the plaintiff's rights. The defendant contends that the punitive damages remedy is barred by the one year statute of limitations in section 13–80–104, C.R.S. 1973. That section provides:

"All actions and suits for any *penalty* or *forfeiture* of any penal statute, brought by this state or any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year after the offense is committed and not after that time." (Emphasis added).

The applicability of the foregoing provision depends on whether the action in question is brought to enforce a penalty or forfeiture. *Carlson v. McCoy*, 566 P.2d 1073 (Colo. 1977). The defendant argues that section 13–21–102, C.R.S. 1973, upon which the claim for punitive damages is premised, is a "penal statute" within the meaning of section 13–80–104.

This question has been in dispute for several years, and has produced conflicting answers from different divisions of this Court. *Compare Sherwood v. Graco*, 427 F.Supp. 155 (D.Colo. 1977) (Finesilver, J., holding that the one year statute of limitations applied), *with Dorney v. Harris*, 482 F.Supp. 323 (D.Colo. 1980) (Kane, J., holding that the prayer for punitive damages was not a suit or action for a penalty or forfeiture and therefore was not subject to the one year statute.)

Without extending the discussion unnecessarily, this Court finds the reasoning of *Dorney v. Harris* more persuasive, and therefore holds that the plaintiff's claim for punitive damages in this case is not an action for a penalty or forfeiture within the meaning of section 13–80–104. This conclusion is buttressed by the recent decision of the Colorado Court of Appeals in *Jones v. Harding Glass Co.*, Colo.App. (No. 79CA1092, announced July 3, 1980), which also holds that a prayer for punitive damages does not fall within section 13–80–104 and is not subject to the one year limitation period there provided. Although a decision of an intermediate state appellate court is not necessarily binding on questions of state law before a federal district court, it is highly persuasive authority and should be followed absent some substantial indication that the state supreme court would decide to the contrary. *E.g., Second Bank of New Haven v. United States*, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967); *Fidelity Union Trust Co. v. Field*, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109 (1940). There is no such indication in this case.

Accordingly, the defendant's motion to dismiss is DENIED.