**David L. BIGELOW and Charles J. Edwards, Plaintiffs,**

v.

**HAWAIIAN AIRLINES, INC., a Hawaii corporation, Defendant.**

**Civ. No. 86–0624.**

United States District Court, D. Hawaii.

Dec. 9, 1987.

## AMENDED MEMORANDUM AND ORDER

CURTIS, District Judge.

Hawaiian Airlines moves for a partial summary judgment in this action for the sole purpose of determining the proper statute of limitations applicable to plaintiffs' claims for reemployment under the Employee Protective Provisions (EPP) of the Airline Deregulation Act of 1978 (ADA), 49 U.S.C.A.App. § 1552(d) (West Supp.1987), which gives certain protected employees a first right of hire with air carriers which held a certificate of public convenience and necessity pursuant to 49 U.S.C.A.App. § 1371 (West Supp.1987), prior to October 24, 1978.

The EPP provides:

(d) Duty to hire protected employees

(1) Each person who is a protected employee of an air carrier which is subject to regulation by the Civil Aeronautics Board who is furloughed or otherwise terminated by such an air carrier (other than for cause) prior to the last day of the 10–year period beginning on October 24, 1978 shall have first right of hire, regardless of age, in his occupational specialty, by any other air carrier hiring additional employees which held a certificate issued under section 1371 of this title prior to October 24, 1978. Each such air carrier hiring additional employees shall have a duty to hire such a person before they hire any other person, except that such air carrier may recall any of its own furloughed employees before hiring such a person. Any employee who is furloughed or otherwise terminated (other than for cause), and who is hired by another air carrier under the provisions of this subsection, shall retain his rights of seniority and right of recall with the air carrier that furloughed or terminated him.

(2) The Secretary shall establish, maintain, and periodically publish a comprehensive list of jobs available with air carriers certificated under section 1371 of this title. Such list shall include that information and detail, such as job de-

Case & Lynch, S.V. (Bud) Quitiquit, Kailua–Kona, Hawaii, for plaintiffs.

Goodsill, Anderson, Quinn & Stifel, Kenneth Hipp, Honolulu, Hawaii, for defendant.

scriptions and required skills, the Secretary deems relevant and necessary. In addition to publishing the list, the Secretary shall make every effort to assist an eligible protected employee in finding other employment. Any individual receiving monthly assistance payments, moving expenses, or reimbursement payments under this section shall, as a condition to receiving such expenses or payments, cooperate fully with the Secretary in seeking other employment. In order to carry out his responsibilities under this subsection, the Secretary may require each such air carrier to file with the Secretary the reports, data, and other information necessary to fulfill his duties under this subsection.

(3) In addition to making monthly assistance or reimbursement payments under this section, the Secretary shall encourage negotiations between air carriers and representatives of eligible protected employees with respect to rehiring practices and seniority.

49 U.S.C.A.App. § 1552.

Plaintiffs David L. Bigelow and Charles J. Edwards allege that they were furloughed by Continental Airlines, on or about September 24, 1983, when Continental ceased operations. Bigelow alleges that he unsuccessfully sought employment from Hawaiian Airlines, Inc. (Hawaiian) in January 1984, March 1984, and June 1986. Edwards alleges that he unsuccessfully sought employment from Hawaiian in January 1984.

The Employee Protective Provisions (EPP) of the ADA do not contain a statute of limitations, and Congress did not enact a statute of limitations for claims brought pursuant to the ADA. The most recent EPP regulations promulgated by the Department of Labor do not address the statute of limitations issue since the Department of Labor concluded that it has no enforcement power over the first right of hire provisions of the EPP. *See* 29 C.F.R. § 220 (1986). (The issue of whether a private right of action exists under the EPP is not in issue in this case. *See McDonald v.*

*Piedmont Aviation,* 625 F.Supp. 762 (S.D. N.Y.1986)).

A protected employee who is furloughed or otherwise terminated other than for cause between October 24, 1978 and October 24, 1988 has a first right of hire at another certificated carrier. The first right of hire provision is designed to aid employees in the labor related ramifications of deregulation. Responsibility for administering the EPP is vested solely in the Secretary of Labor.

■■■ Since there is no statute of limitations applicable to plaintiffs' claims, the court must " 'borrow' the most suitable statute or other rule of timeliness from some other source." *Agency Holding Corp. v. Malley–Duff & Assoc. Inc.,* ── U.S. ──, ──, 107 S.Ct. 2759, 2762, 97 L.Ed.2d 121 (1987) (citations omitted). In *Agency Holding,* the Court, in some detail, discusses the various considerations appropriate to a determination of what is an appropriate statute. It begins by pointing out that characterization of the federal claim "for purposes of selecting the appropriate statute of limitations is generally a question of federal law." *Id.* (citations omitted). To determine "the appropriate statute of limitations, the initial inquiry is whether all claims arising out of the federal statute 'should be characterized in the same way, or whether they should be evaluated differently depending upon the varying factual circumstances and legal theories presented in each individual case.' " *Id.* (citation omitted). The second inquiry, according to the Court, is "whether a federal or a state statute of limitations should be used." *Id.* In general, a court should borrow state law. However, in some limited circumstances " 'state statutes of limitations can be unsatisfactory vehicles for the enforcement of federal law. In those instances, it may be inappropriate to conclude that Congress would choose to adopt state rules at odds with the purpose or operation of federal substantive law.' " *Id.* (citation omitted). While a state law that "fails to provide a perfect analogy to the federal cause of action is never itself sufficient to justify the use of a federal statute

of limitations, in some circumstances ... it [is] more appropriate to borrow limitation periods found in other federal, rather than state, statutes." *Id.* This court should therefore adopt a federal statute "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." *Id.* (citation omitted).

The parties have suggested several possibilities: First, the plaintiffs propose that the three-year statute of limitations as provided by section 378–5 of Haw.Rev.Stat., which relates to actions arising because of discrimination in hiring, is the most appropriate limitation. In the alternative, the plaintiffs suggest the six-year statute of limitations found in section 657–1(4) of Haw.Rev.Stat., which relates to personal actions of any nature whatsoever not specifically covered under the laws of the state, is the most analogous statute. Plaintiffs' third choice is the two-year statute of limitations found in section 657–11, as amended by Act 337. Section 657–11 was originally a one-year statute of limitations applicable to claims arising under newly created federal causes of action brought in a state court. This section was subsequently amended to extend the limitation to a period of two years.

The defendant, on the other hand, proposes a six-month statute of limitations contained in section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b) (1983) as most appropriate because plaintiffs' claims, which essentially are unlawful refusals to hire, closely resemble an unfair labor practice under the NLRA. As an alternate, the defendant argues that the statute of limitations imposed by section 657–11 of Haw.Rev.Stat. applies to claims for newly created federal causes of actions maintained in the state courts, which before it was amended, provided for a one-year statute, is most appropriate, and although the statute was amended to extend the limitation period to two years, the extension cannot resurrect plaintiffs' already extinguished claims.

In my view, the six-month statute of limitations contained in section 10(b) of NLRA is the most appropriate statute. In the first place, the plaintiffs' claims are most analogous to an unlawful refusal to hire in violation of a federal labor statute. In section 10(b) of the NLRA, Congress has selected a limitations period which is short enough to promote the federal policy of prompt resolution of labor disputes, yet long enough to allow an employee time to evaluate the merits of his claim. *See Del-Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 168–169, 103 S.Ct. 2281, 2292–2293, 76 L.Ed.2d 476 (1983). Plaintiffs' claims are also most analogous to those arising under other federal labor legislation be it the NLRA or the RLA.

The legislative history of the EPP also supports the conclusion that it is another federal labor statute, and thus should be construed *in pari materia* with other labor legislation applicable to air carriers.

The need for a quick resolution of claims such as plaintiffs assert here is readily apparent. Enforcement of any such claims is likely to cause disruptions as the employers adjust seniority which will necessarily affect all employees hired after the date the protected employee proves that he should have been hired. If actions under the EPP were governed by a longer statute of limitations, those employees who are adjusted downward on the seniority list will be affected years after they have grown accustomed to the pay and other privileges attendant to their seniority.

The limited duration of the first right of hire provisions of the EPP further favor a short period of statute of limitations. Only those employees who are separated from employment between October 24, 1978, and October 24, 1988, are "protected employees." 49 U.S.C.A.App. § 1552(d)(1). The finite duration of the EPP demonstrates Congress's intent to only protect a limited group of employees and a short statute of limitations serves to have all claims arising under the EPP resolved within a reasonable time after the EPP terminates next year.

And finally, the requirement of uniformity in the interpretation and administration of a federal law would seem to require a universal federally established statute of limitations which would be consistently applied to similar claims irrespective of the states in which the claims arose.

In *DelCostello*, the Supreme Court held that the six-month statute of limitations of section 10(b) of the NLRA was the appropriate limitation period for a hybrid duty of fair representation/breach of contract action brought by an employee against his employer and a union in the federal court. 462 U.S. at 151, 103 S.Ct. at 2281. The Court's holding in *DelCostello* was soon extended to hybrid duty of fair representation/breach of collective bargaining agreement cases arising under the Railway Labor Act (RLA) which covers employees of common carriers by air such as Aloha and Hawaiian. *See Welyczko v. U.S. Air, Inc.,* 733 F.2d 239 (2d Cir.), *cert. denied,* 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984); *Sisco v. Consolidated Rail Corp.,* 732 F.2d 1188 (3d Cir.1984); *Barnett v. United Airlines, Inc.,* 738 F.2d 358 (10th Cir.), *cert. denied,* 469 U.S. 1087, 105 S.Ct. 594, 83 L.Ed.2d 703 (1984).

The six-month statute of limitations contained in section 10(b) of NLRA provides the most appropriate analogy and promotes the dual purposes of uniformity and quick resolution of labor disputes and, therefore, is in my view, the most appropriate statute of limitations within which plaintiffs can pursue their claims.

Defendant's motion for partial summary judgment declaring the six-month statute of limitations contained in section 10(b) of the NLRA as the most appropriate statute applicable to plaintiffs' claims is hereby granted.

 The court is of the further opinion that this order involves a controlling question of law as to which there is a substantial ground for difference of opinion, namely, the statute of limitations applicable to claims filed under the Employee Protective Provisions of the Airline Deregulation Act of 1978, 49 U.S.C.A.App. § 1552(d), and that an immediate appeal from this order as authorized by 28 U.S.C. § 1292(b) may materially advance the ultimate termination of this litigation.

IT IS ORDERED that all proceedings herein be stayed for ten days from the date of entry of this order. If, within such ten days, the plaintiff shall apply to the United States Court of Appeals for the Ninth Circuit for permission to appeal from this order, the proceedings herein shall be stayed pending determination of such application or such appeal, if it is allowed.