Isaac L. **PUNAHELE**, Plaintiff,

v.

**UNITED AIR LINES, INC.**, a Delaware corporation, Defendant.

Civ. A. No. 89–B–1087.

United States District Court,
D. Colorado.

Aug. 24, 1990.

Barry D. Roseman, Denver, Colo., for plaintiff.

Michael D. Nosler, Frances B. McDonald, Rothgerber, Appel, Powers & Johnson, Denver, Colo., for defendant.

MEMORANDUM OPINION
AND ORDER

BABCOCK, District Judge.

Before me is defendant United Air Lines, Inc.'s (United) motion for summary judg-

ment on Isaac L. Punahele's (Punahele) claim that United violated Punahele's rights under the Airline Deregulation Act of 1978, 49 U.S.C. App. § 1552(d)(1) (ADA). United contends that the ADA claim is barred by the statute of limitations. Because as a matter of law the appropriate statutory period for Punahele's claim is six months and there is no genuine issue of material fact that Punahele failed to bring the action in time, I grant the motion.

Punahele's complaint alleges, among other things, that United "continuously failed and refused to hire [Punahele] into a permanent, full-time position as a ramp service employee...." Complaint at ¶ 7. Punahele contends that he has the first right of hire by virtue of the ADA, 49 U.S.C.App. § 1552(d)(1), and that United breached its duty by refusing to hire Punahele and instead hiring others who held no such right of hire. Complaint at ¶¶ 6 & 7.

United has moved for summary judgment on this claim on the ground that Punahele failed to bring the claim within the statutory time period. Because Congress is silent on the time within which an ADA claim must be brought, I first identify the appropriate limitation period. Second, applying summary judgment standards, I determine if Punahele brought the claim in time.

## I. APPLICABLE STATUTORY LIMITATION

### A. *Competing Statutory Sources: Federal and State*

Congress did not include a statute of limitation provision in the ADA. Hence, I look to other sources for the time limit on ADA actions. *Agency Holding Corp. v. Malley-Duff & Assoc.,* 483 U.S. 143, 146–47, 107 S.Ct. 2759, 2762, 97 L.Ed.2d 121 (1987); *DelCostello v. Teamster,* 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). Generally, when Congress creates a cause of action without specifying the applicable statute of limitations, courts will apply the statutory period found in the state law most analogous to the federal cause of action. *Reed v. United Transp. Union,* 488 U.S. 319, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989). Courts will

decline to borrow a state statute of limitations only "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." *DelCostello* [462 U.S. 151, 172, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983)].

*Reed,* 488 U.S. at ——, 109 S.Ct. at 625.

Arguing that state rules of timeliness could interfere with the implementation of important federal policy objectives, United contends that the six month statute of limitation found in section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b), should apply. Alternatively, United contends that I should apply the state statute of limitations found in either the Colorado Labor Peace Act, Colo.Rev.Stat. §§ 8–3–101 to 8–3–123, or the Colorado Employment Practice provisions, Colo.Rev. Stat. §§ 24–34–401 to 24–34–406. At most, United argues, I should apply the two-year state statute of limitation found in Colo. Rev.Stat. § 13–80–102(g). Punahele maintains that I should apply the six year statute of limitation for personal injury actions. Colo.Rev.Stat. § 13–80–110(1)(g) (1973) & 1986 Colo.Sess.Laws § 42–11–109(b).

The few courts that have addressed the issue have drawn different conclusions. One court has applied the six month statute of limitations found in section 10(b) of the NLRA. *Bigelow v. Hawaiian Airlines, Inc.,* 696 F.Supp. 1356 (D.Haw.1987); *Gonzalez v. Aloha Airlines, Inc.,* 669 F.Supp. 1023 (D.Haw.1987). Two other district courts refused to apply section 10(b) and looked to state statutes instead. *McDonald v. Piedmont Aviation Inc.,* 695 F.Supp. 133, 135–38 (S.D.N.Y.1988); *Crocker v. Piedmont Aviation, Inc.,* 696 F.Supp. 685, 689–92 (D.D.C.1988).

Because two Colorado statutes most analogous to the ADA contain the same time limitation as section 10(b), I need not decide whether Congress intended federal or state time limitations on ADA actions. Both section 10(b) of the NLRA and the relevant Colorado statutes, Colo.Rev.Stat.

§§ 8–3–110(16) and 24–34–403, provide for a six month limit. Accordingly, I hold that the period for commencing an ADA action is six months.

## B. *Colorado Time Limitation Provisions*

Assuming that Colorado law provides the appropriate source for the time limitation on Punahele's ADA claim, I must determine which statutory provision is most analogous to the ADA. United contends that either Colorado's Labor Peace Act, Colo.Rev.Stat. §§ 8–3–101 to 8–3–123, or Employment Practice provisions, Colo.Rev. Stat. §§ 24–34–401 to 24–34–406, are appropriate. Both provide for a six month limitation period. Colo.Rev.Stat. §§ 8–3–110(16) and 24–34–403. Both statutes regulate the conduct of an employer toward job applicants. For example, Colo.Rev. Stat. § 24–34–402(a) restricts an employer's discretion in hiring decisions based on certain applicant characteristics. Likewise, the ADA restricts United's hiring discretion by providing some individuals with a first right of hire.

Although Colorado provides a general two year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said statute," Colo.Rev.Stat. § 13–80–102(g), I still must locate and apply the statutory period found in the state statute *most analogous* to the ADA. *See DelCostello*, 462 U.S. at 158–59, 103 S.Ct. at 2287–88. The catch-all provision of § 13–80–102(g) is not "analogous" to the ADA and is thus inapplicable. *See Agency Holding Corp.*, 483 U.S. at 152–53, 107 S.Ct. at 2765; *Wilson v. Garcia*, 471 U.S. 261, 277, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985).

I am not persuaded by Punahele's argument that the applicable limitation period is the Colorado six year statute of limitation for personal injury actions. Colo.Rev.Stat. § 13–80–110(1)(g) (1973) & 1986 Colo.Sess. Laws § 42–11–109(b). The Colorado Labor and Employment statutes are more analogous to Punahele's ADA claim than is the personal injury provision. Thus, borrowing from the most analogous Colorado statutes, Colo.Rev.Stat. §§ 8–3–110(16) and 24–34–403, Punahele must have brought his ADA claim within six months from when it arose.

## II. RUNNING OF THE STATUTE

I next determine if there is a genuine issue of material fact whether Punahele knew or should have known of the existence of the elements of the ADA claim more than six months before filing the action. *See Lucas v. Mountain States Telephone & Telegraph*, 909 F.2d 419 (10th Cir.1990). This question is governed by Fed.R.Civ.P. 56 which provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Summary judgment is appropriate when the Court can conclude that no reasonable juror could find for the non-moving party, on the basis of the evidence presented in the motion and response. *Matsushita*, 475 U.S. at 585–87, 106 S.Ct. at 1355–56. The non-moving party must present evidence persuasive enough for a reasonable juror to rule in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). Further, the non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552.

Punahele filed his ADA claim on June 23, 1989. Only if he knew or should have known of his claim on or after January 23, 1989 would the claim survive the six month statutory limitation. In his response to United's motion for summary judgment, Punahele does not contend that he filed the ADA claim within six months of when he knew or should have known of his claim. Rather, Punahele argues only that he brought the claim within two years of

learning of its existence. The dates upon which he claims the statutory period may begin to run are all within two years of the filing date but outside the six month statutory period. Thus, even accepting Punahele's arguments as true, he failed to meet his summary judgment burden to rebut United's showing that he failed complied with the six month statute of limitations.

Accordingly it is ORDERED THAT

United's motion for summary judgment of Punahele's ADA claim is GRANTED.