Larry D. JOHNSTON, Lawrence G. Lyon and H. Rodgers Company, a Colorado general partnership, Plaintiffs,

v.

CIGNA CORPORATION, a Delaware corporation, Cigna Individual Financial Services Company, a Delaware corporation, Cigna Securities, Inc., a Delaware corporation, Cigna Financial Partners, Inc., a Delaware corporation, Cigna Holdings, Inc., a Delaware corporation, and M. Doak Jacoway, Defendants.

Civ. A. No. 90–B–0177.

United States District Court, D. Colorado.

Jan. 9, 1991.

Alan C. Friedberg, Pendleton & Sabian, P.C., Denver, Colo., for plaintiffs.

David G. Palmer, Thomas M. Piccone, Gibson, Dunn & Crutcher, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

CIGNA Corporation, CIGNA Individual Financial Services Company, CIGNA Securities, Inc., CIGNA Financial Partners, Inc., CIGNA Holdings, Inc., and M. Doak Jacoway (collectively CIGNA) move to dismiss the claims of Larry D. Johnston, Lawrence G. Lyon and H. Rodgers Company (investors). The investors allege that, in selling certain securities in 1983 and in 1987, CIGNA violated section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 (the 10b claim), and various Colorado state securities laws and common law duties. CIGNA moves to dismiss the 10b claim contending the statute of limitation has run on the 1983 transactions and the complaint fails to state a federal claim on the 1987 transactions. CIGNA also seeks dismissal of the pendent state claims.

Because I conclude that the statute of repose of the Colorado statute most analogous to section 10(b) does not apply and that, in any event, the applicable statute of limitation invokes new common law that should not be applied retroactively, I deny CIGNA's motion to dismiss the 10b claim as to the 1983 transactions. Because the complaint is not defective as CIGNA argues, I deny the motion to dismiss the 10b claim as to the 1987 transactions. Finally, I decline to exercise jurisdiction over the pendent state claims and grant CIGNA's motion to dismiss without prejudice those claims.

The investors allege that in 1983 and 1987, CIGNA recommended, offered, and sold to them limited partnership interests in four separate real estate limited partnerships. Two of the transactions were in 1983: (1) four interests in the Nashville House Office Center Associates Limited Partnership, and (2) three interests in the Springs of Country Woods Apartment Associates Limited Partnership. Two of the transactions were in 1987: (1) one unit in the CIGNA Hotel Associates–I Limited Partnership, and (2) one unit in the Regional Mall Development Partners, L.P.

In count one of their complaint, the investors allege that CIGNA violated section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5

promulgated thereunder, in recommending, offering and selling the interests. In counts two through four, the investors allege that CIGNA violated various Colorado state securities statutes and common law duties in the sale of the securities.

Dismissal under Rule 12(b)(6) is proper when it is evident from the plaintiff's complaint that the defendant is not liable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When ruling on a motion to dismiss, "the allegations of the complaint should be construed favorably to the pleader." *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686.

### I. COUNT ONE: SECTION 10(b) CLAIM

#### A. *Statute of Limitation: The 1983 Transactions*

CIGNA first argues that the 10b claim relating to the 1983 transactions in count one should be dismissed because the statute of limitation has run.

■ Congress has not established a statute of limitation period for section 10(b) and Rule 10b–5 actions. Hence, I look to other sources for the time limit. *Agency Holding Corp. v. Malley–Duff & Assoc.*, 483 U.S. 143, 146–47, 107 S.Ct. 2759, 2762, 97 L.Ed.2d 121 (1987); *Bath v. Bushkin, Gaims, Gaines and Jonas*, 913 F.2d 817, 818–19 (10th Cir.1990); *State of Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 651 F.2d 687, 691 (10th Cir.), *cert. denied*, 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 209 (1981); *Punahele v. United Air Lines, Inc.*, 743 F.Supp. 758, 759–60 (D.Colo.1990). Generally, when Congress creates a cause of action without specifying the applicable statute of limitation, courts apply the statutory period found in the forum state law most analogous to the federal cause of action. *Reed v. United Transp. Union*, 488 U.S. 319, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989). Courts will "decline to borrow a state statute of limitations only 'when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litiga-

tion make that rule a significantly more appropriate vehicle for interstitial lawmaking.'" *Reed*, 488 U.S. at 324, 109 S.Ct. at 625 (quoting *DelCostello v. Teamster*, 462 U.S. 151, 172, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983)). No party contends that there are reasons weighing against applying a Colorado statute of limitation here. Consequently, I look to Colorado law to find the appropriate limitation period.

The parties agree that the Colorado Securities Act of 1981, Colo.Rev.Stat. § 11–51–123(1), is most analogous to federal section 10(b). *See State of Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 472 F.Supp. 402, 405 (D.Colo.1979), *aff'd on other grounds*, 651 F.2d 687, 691 (10th Cir.), *cert. denied*, 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 209 (1981). Until 1981, however, Colorado provided no statute of limitation for that section. Instead, Colorado courts applied the three-year limit of Colo.Rev.Stat. § 13–80–109 (1973), the statute of limitation for fraud actions. Consequently, federal courts, looking for the Colorado statute of limitation period of the statute most analogous to federal section 10(b), have applied Colo.Rev.Stat. § 13–80–109. *See, e.g., Peterson, Lowry, Rall, Barber & Ross*, 472 F.Supp. at 406.

In 1981, however, Colorado adopted a statute of limitation for bringing an action under Colo.Rev.Stat. § 11–51–123, the Colorado counterpart to federal 10(b). That section provides that no person may bring such an action more than three years after the facts giving rise to such a cause of action are discovered by the exercise of reasonable diligence. Colo.Rev.Stat. § 11–51–125(8). The statute also contains a statute of repose which provides that in no event may a party bring a claim more than five years after the purchase or sale of the securities. Colo.Rev.Stat. § 11–51–125(8). In their pleadings, the investors concede that if this section applies here, their claim founded on the 1983 sales would be time barred. The investors argue, however, that even if Colo.Rev.Stat. § 11–51–125(8) does apply to 10(b) actions, it should not bar their claim in this case because (1) I should adopt only the limita-

tions period and not the statute of repose and (2) application here would constitute an unjust retroactive application of a new principle of law.

I agree with the investors that federal equitable tolling rules apply here, and decline to adopt the state statute of repose. I also agree with the investors that, even if I were to adopt the statute of repose along with the statute of limitations, I should not apply Colo.Rev.Stat § 11–51–125(8) retroactively.

### 1. Statute of Repose and Federal Equitable Tolling Rules

As CIGNA concedes, principles of equitable tolling are a matter of federal law. *Peterson,* 651 F.2d at 691. CIGNA argues, however, that when the state statute most analogous to 10(b) contains a statute of repose, federal courts must adopt the entire scheme, not merely the limitations period. This is an issue on which courts have disagreed. *Compare Gurley v. Documation Inc.,* 674 F.2d 253, 259 (4th Cir.1982); *United California Bank v. Salik,* 481 F.2d 1012, 1015 (9th Cir.), *cert. denied,* 414 U.S. 1004, 94 S.Ct. 361, 38 L.Ed.2d 240 (1973); *Pucci v. Santi,* 711 F.Supp. 916, 928 (N.D. Ill.1989); *Geeting v. Prizant,* 664 F.Supp. 343, 348–50 (N.D.Ill.1987); *Estate of Dearing v. Dearing,* 646 F.Supp. 903, 908 (S.D. W.Va.1986); *Bull v. American Bank & Trust Co.,* 641 F.Supp. 62, 67–69 (E.D.Pa. 1986); *Kirschner v. Cable/Tel Corp.,* 576 F.Supp. 234, 239–40 (E.D.Pa.1983) *with Reshal Assoc., Inc. v. Long Grove Trading Co.,* 754 F.Supp. 1226 (N.D.Ill.1990); *Morley v. Cohen,* 610 F.Supp. 798, 818–21 & n. 20 (D.Md.1985); *Vosbikian v. Wasserstrom,* Fed.Sec.L.Rep. (CCH) [1986–87 Transfer Binder] ¶ 92,709 (E.D.Pa. Dec. 12, 1989); *Sowell v. Butcher & Singer, Inc.,* No. 84–0714, 1987 WL 10712 (E.D.Pa. May 13, 1987) (LEXIS Genfed library, Dist file). Even the Supreme Court has given conflicting signals on this issue. *Compare Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946) *with Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 463–65, 95 S.Ct. 1716, 1721–22, 44 L.Ed.2d 295 (1975).

Essentially, this question involves the selection of two potentially competing judicially-created doctrines used when Congress is silent as to the applicable statute of limitations. One doctrine requires the federal courts to apply the statute of limitations in the state statute most analogous to the federal statute. The second doctrine requires invocation of federal equitable tolling rules. I conclude here that the two doctrines are not mutually exclusive. The first requires only that I look to state law for the most analogous statute of limitations period, not for a statute of repose; the second requires that I apply federal equitable tolling. *See Geeting,* 664 F.Supp. at 350.

CIGNA argues that I should follow the rule set forth in *Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036 (10th Cir. 1980): "[w]here the statute expressly provides for a tolling period for fraudulent concealment, and then includes a secondary date which 'in no event' can be surmounted, there is good basis for the belief that the latter date was intended as an absolute barrier to the filing of suits." 627 F.2d at 1043 (quoting *Timmreck v. Munn,* 433 F.Supp. 396, 408 (N.D.Ill.1977). The Tenth Circuit in *Aldrich,* however, was concerned with a federal statute, not an adopted state statute of limitations. It is axiomatic that when applying an express federal statute of limitations, federal courts should not employ the judicially-created equitable tolling doctrine to the exclusion of the express provisions of the statute.

This reasoning, however, does not mandate that when federal courts adopt a state statute of limitations they must also adopt the state statute of repose and nullify federal equitable tolling rules. It certainly does not counter the language in *Peterson* that "[t]he rule in this circuit has been that in fraud cases only the limitations *period* is borrowed from state law, whereas the tolling rule is supplied by federal jurisprudence." 651 F.2d at 691 (emphasis in original).

■ CIGNA next argues that to adopt the statute of limitations but not the statute of repose drains the state statute of meaning. I disagree. First, there exists no requirement that a federal court adopt a state statute of repose in addition to a state statute of limitations. Second, here I do adopt the state statute of limitations and decline to embrace only the statute of repose. Third, by adopting only the limitation period of Colo.Rev.Stat. § 11–51–125(8), there is no discernable damage inflicted on the statutory scheme. Finally, "as between the state's interest in repose and federal concerns in addressing securities fraud, the later must prevail since it is a federal cause of action brought in federal court which is at issue." *Geeting*, 664 F.Supp. at 350.

### 2. Retroactivity

■ The investors argue further that, even if I did adopt the statute of limitations and the statute of repose found in Colo. Rev.Stat. § 11–51–125(8), I should not apply that section retroactively. I agree.

In *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1941), the Supreme Court looked to three factors in determining the propriety of retroactive application of new common law: (1) whether the decision to be applied retroactively establishes "a new principle of law, either by overruling clear past precedent on which litigants may have relied [citations omitted], or by deciding an issue of first impression whose resolution was not clearly foreshadowed [citations omitted];" (2) whether retroactive operation of the rule will further or retard the purpose and effect of the rule; and (3) whether retroactive application of a new rule will "produce substantial inequitable results." *Chevron*, 404 U.S. at 106–07, 92 S.Ct. at 355.

CIGNA argues that the addition in 1981 of a limitation period specifically for actions under Colo.Rev.Stat. § 11–51–123 was statutory, and thus, its application here involves no new common law rule. Consequently, CIGNA contends the rule of *Chevron*, is inapplicable in this case. I disagree because although the addition of Colo.Rev.

Stat. § 11–51–125(8) was statutory, the *decision* to adopt *that* limitation period for federal 10(b) actions is common-law based. I therefore apply the *Chevron* analysis here.

First, it has been so long held that the statute of limitation for fraud actions applied to suits brought under Colo.Rev.Stat. § 11–51–123, that application of the fraud limitation period to 10(b) actions has taken deep root in the District of Colorado. Some courts applied the fraud limitation period to 10(b) actions without explicit recognition that it was closely related to Colo. Rev.Stat. § 11–51–123. *See, e.g., Ebrahimi v. E.F. Hutton & Co.*, 852 F.2d 516, 520 & n. 4 (10th Cir.1988); *Aldrich*, 627 F.2d at 1041; *Schneider v. Boettcher & Co.*, 91–030823 No. 88–C–1999, slip op. at 6 (D.Colo. Dec. 27, 1990); *Resource Exploration & Mining, Inc. v. Intel Corp.*, 492 F.Supp. 515, 516 (D.Colo.1980). As a result, even after the new limitation period for Colo. Rev.Stat. § 11–51–123 was adopted by the Colorado General Assembly, courts continued to apply the fraud limitation period without reference to the more specific limitation provisions of Colo.Rev.Stat. § 11–51–125(8). *See, e.g. Hackbart v. Holmes*, 675 F.2d 1114, 1120 (10th Cir. 1982); *Dubin v. Miller*, 132 F.R.D. 269, 275 (D.Colo.1990); *Morgan v. Bosworth*, 545 F.Supp. 953, 955 (D.Colo.1982). In these circumstances, I conclude that my decision to apply Colo.Rev.Stat. § 11–51–125(8) to 10(b) actions is a "new principle of law" under *Chevron*.

Next, the second *Chevron* factor is neutral in its application. Finally, the last *Chevron* consideration is intimately linked to the first. I conclude that the harsh result of dismissing the investors' 10(b) claim on the 1983 transactions is unjust under the precedent on this issue. Retroactive application of an altered statute of limitation is especially suspect. *See Jones v. Consolidated Freightways Corp.*, 776 F.2d 1458 (10th Cir.1985); *Jackson v. City of Broomfield*, 731 F.2d 652, 654–55 (10th Cir.1984). Consequently, I will not apply Colo.Rev.Stat. § 11–51–125(8) retroactively here.

**344**

B. *Inadequate Pleading: The 1987 Transactions*

■ CIGNA next argues that I should dismiss the 10b claim relating to the 1987 transactions because the investors fail to allege: (1) any loss incurred in connection with the 1987 investments; (2) any misrepresentations in connection with the 1987 investments; and (3) a causal connection between any loss of value and the alleged misrepresentations. I disagree.

First, the complaint is sufficiently explicit in alleging losses in the 1987 investment. Complaint ¶ 25. Second, the complaint alleges two representations which were false: (1) CIGNA promised to stand behind the investments and provide the funding necessary to preserve the investments, Complaint ¶¶ 19, 23; and (2) CIGNA recommended the investments as suitable for the investors in type and amount, Complaint ¶ 22, 27(a). Contrary to CIGNA's assertion, the investors have alleged misrepresentations. Finally, the complaint, fairly read, is sufficient to allege a causal connection between the alleged losses and misrepresentations.

In their reply, CIGNA argues that recommendation of unsuitable securities does not violate 10(b). Neither party has briefed the issue adequately. Consequently, I leave that issue for a later day.

## II. PENDENT STATE CLAIMS

■ CIGNA has moved to dismiss the investors' second, third and fourth claims for relief. Those claims allege violations of state securities law and common law fraud. The decision whether to accept jurisdiction of a state claim lies within the sound discretion of the trial court. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). I decline to exercise pendent jurisdiction over related state claims in cases arising under the federal securities laws. *See Miller v. Calvin*, 647 F.Supp. 199, 203 (D.Colo.1985).

Accordingly, it is ORDERED THAT

(1) CIGNA's motion to dismiss Count 1 is DENIED;

(2) CIGNA's motion to dismiss Counts 2 through 4 is GRANTED. Those claims are DISMISSED without prejudice;

(3) Each party is to bear it own costs.